IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JESUSA LLANES, | Case No. 3:18-cv-00267-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| ANDREA ZALEWSKI, SILVER RIDGE ADULT FOSTER CARE HOME, LLC, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Jesusa Llanes ("Llanes") brings this case against Defendants Andrea Zalewski ("Zalewski") and Silver Ridge Adult Foster Care Home, LLC ("Silver Ridge") (together, "Defendants"), alleging claims for failure to comply with the back pay and overtime wages requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216. (ECF No. 1.) In response, Defendants assert counterclaims for quantum meruit, conversion, and unjust enrichment. (ECF No. 21.)

Pending before the Court is Llanes' motion to dismiss Defendants' counterclaims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 32.) The Court has jurisdiction over this case under 28 U.S.C. § 1331, and all parties have consented to

PAGE 1 – OPINION AND ORDER

the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c). For the following reasons, the Court denies Llanes' motion to dismiss.

## BACKGROUND

On February 11, 2018, Llanes filed a complaint alleging that she worked seventy-five hours per week as a residential care manager for Silver Ridge. (Compl. ¶ 6.) Llanes further alleges that she did not receive any overtime pay, and that "on many paydays," Silver Ridge failed to pay her "anything at all." (Compl. ¶ 6.)

Defendants answered and counterclaimed, alleging that Llanes "ran her own culinary business out of Silver Ridge's facility[.]" (Am. Answer ¶ 17.) Llanes allegedly "used Silver Ridge's food and other resources to operate and maintain this business without permission," while "neglect[ing] her duties to Silver Ridge clients." (Am. Answer ¶ 17.)

## ANALYSIS

### I. LEGAL STANDARD

Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation and quotation marks omitted).

Before Congress enacted 28 U.S.C. § 1367(a), district courts exercised supplemental jurisdiction only over compulsory counterclaims. *See Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005) ("Before 1990, . . . the rule was clear that federal courts did not have jurisdiction over permissive counterclaims absent an independent basis for federal

subject matter jurisdiction."). Now, both compulsory and permissive counterclaims may satisfy the test for supplemental jurisdiction because "§ 1367 supersedes case law on supplemental jurisdiction that had distinguished between compulsory and permissive counterclaims." *Glob. NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010); *see also Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212-13 (2d Cir. 2004) (holding that § 1367 has "displaced . . . whatever validity inhered in the earlier view that a permissive counterclaim requires independent jurisdiction").

Given that Congress has now granted district courts supplemental jurisdiction over all claims that arise out of the same case or controversy, the test for supplemental jurisdiction over counterclaims is whether the counterclaim shares a common nucleus of operative fact with the federal claim. *See Glob. NAPs, Inc.*, 603 F.3d at 88 (analyzing whether a counterclaim satisfied § 1367(a) by "looking to whether the claims arose from a common nucleus of operative fact"); *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996) ("Now that Congress has codified the supplemental jurisdiction in § 1367(a), courts should use the language of the statute to define the extent of their powers."); *Aliya MedCare Fin., LLC v. Nickell*, No. 14-cv-07806-VAP, 2016 WL 7444610, at *12 (C.D. Cal. Aug. 16, 2016) ("Following the Second and Seventh Circuits, district courts in the Ninth Circuit have held that they may . . . exercise supplemental jurisdiction over permissive counterclaims that satisfy § 1367(a)'s 'same case or controversy' requirement.") (citation omitted); *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005) ("Nothing in § 1367 indicates a congressional intent to recognize, preserve, or create some meaningful, substantive distinction between the jurisdictional categories [courts] have historically labeled pendent and ancillary."); *Sparrow*, 385 F. Supp. 2d at 1067 (noting that the "same case or controversy" test is "clearly broader than the 'same transaction or

subject matter jurisdiction."). Now, both compulsory and permissive counterclaims may satisfy the test for supplemental jurisdiction because "§ 1367 supersedes case law on supplemental jurisdiction that had distinguished between compulsory and permissive counterclaims." *Glob. NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010); *see also Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212-13 (2d Cir. 2004) (holding that § 1367 has "displaced . . . whatever validity inhered in the earlier view that a permissive counterclaim requires independent jurisdiction").

Given that Congress has now granted district courts supplemental jurisdiction over all claims that arise out of the same case or controversy, the test for supplemental jurisdiction over counterclaims is whether the counterclaim shares a common nucleus of operative fact with the federal claim. *See Glob. NAPs, Inc.*, 603 F.3d at 88 (analyzing whether a counterclaim satisfied § 1367(a) by "looking to whether the claims arose from a common nucleus of operative fact"); *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996) ("Now that Congress has codified the supplemental jurisdiction in § 1367(a), courts should use the language of the statute to define the extent of their powers."); *Aliya MedCare Fin., LLC v. Nickell*, No. 14-cv-07806-VAP, 2016 WL 7444610, at *12 (C.D. Cal. Aug. 16, 2016) ("Following the Second and Seventh Circuits, district courts in the Ninth Circuit have held that they may . . . exercise supplemental jurisdiction over permissive counterclaims that satisfy § 1367(a)'s 'same case or controversy' requirement.") (citation omitted); *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005) ("Nothing in § 1367 indicates a congressional intent to recognize, preserve, or create some meaningful, substantive distinction between the jurisdictional categories [courts] have historically labeled pendent and ancillary."); *Sparrow*, 385 F. Supp. 2d at 1067 (noting that the "same case or controversy" test is "clearly broader than the 'same transaction or

occurrence' test for compulsory counterclaims" and "broader than the test for permissive counterclaims").

## II. DISCUSSION

### A. Supplemental Jurisdiction

Llanes asks the Court to dismiss Defendants' counterclaims for quantum meruit, unjust enrichment, and conversion because they share no common facts with Llanes' FLSA claims beyond the parties' employment relationship. (Pl.'s Mot. at 3.) Defendants respond by arguing that the Court has supplemental jurisdiction over their claims because both Llanes' claims and Defendants' counterclaims require evidence about the number of hours Llanes allegedly worked for her own business rather than for Silver Ridge. (Def.'s Opp'n at 5.) The Court agrees.

Llanes is correct that courts in the Ninth Circuit generally find that they lack supplemental jurisdiction over counterclaims where the only shared fact with the plaintiff's FLSA claim is the employment relationship. *See, e.g.*, *Ader v. SimonMed Imaging, Inc.*, 324 F. Supp. 3d 1045, 1051 (D. Ariz. 2018) (finding that the court lacked supplemental jurisdiction over the defendant's counterclaims because the counterclaims overlapped with the plaintiff's FLSA claims "only insofar as each arises from [the defendant's] employment relationship with [the plaintiff]"); *Casas v. Brightwater Int'l, Inc.*, No. 10-cv-7235-CAS, 2011 WL 486564, at *2-3 (C.D. Cal. Feb. 1, 2011) (concluding that the court did not have supplemental jurisdiction over the defendant's counterclaim, which alleged that "Plaintiffs used their position as employees of Defendant to commit unlawful acts against individuals entrusted to their care[,]" because "[t]he only tenuous connection between the two claims is the existence of an employment relationship").

Here, however, Llanes' claims and Defendants' counterclaims share facts beyond just the employment relationship. Llanes alleges that Defendants failed to pay her regular and overtime

PAGE 4 – OPINION AND ORDER

wages. These allegations require evidence about how many hours Llanes worked for Silver Ridge. *See Martinez v. PM&M Elec. Inc.*, No. 18-cv-01181-JGZ, 2019 WL 450870, at *5 (D. Ariz. Feb. 5, 2019) ("Evidence required to resolve [the plaintiff's FLSA wage claims] will pertain to Plaintiff's work hours and the compensation he received."). Similarly, Defendants' counterclaims turn mostly on evidence about how many hours Llanes worked for herself rather than for Silver Ridge while on duty.[1] The Court therefore finds that Llanes' claims and Defendants' counterclaims share a common nucleus of operative fact sufficient to confer supplemental jurisdiction over Defendants' counterclaims. *See Hayden v. Ariz. Pool & Fountain Guys, LLC*, No. 16-cv-00840-SRB, 2016 WL 9456363, at *2 (D. Ariz. Aug. 2, 2016) (concluding that "there is more than simply an employment link that exists between Plaintiff's [FLSA claim for unpaid overtime wages] and Defendants' counterclaims" where "Defendants alleg[ed] that Plaintiff often failed to complete and submit his timesheets, falsified his timesheets, and *misused time during his workday for personal tasks*") (emphasis added); *Arcusa v. Lisa Coplan-Gardner, P.A.*, No. 07-cv-712, 2007 WL 3521986, at *2 (M.D. Fla. Nov. 15, 2007) (concluding that the defendant's counterclaim for conversion sufficiently related to "[the plaintiff's] FLSA wage claims" to confer supplemental jurisdiction where the defendant alleged that the plaintiff was "working on her own personal commercial enterprises and that she converted [the defendant's] property in these endeavors"); *cf. Ripley v. PMD Dev. LLC*, No. 18-

---

[1] Llanes suggests that the hours she actually worked is not relevant to her claims because she performed "compensable work simply by being present in the care home[.]" (ECF No. 40) (citing 29 C.F.R. §§ 778.223 and 785.7)). As Defendants point out, however, "[a]n employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises." 29 C.F.R. § 785.23. In fact, § 785.23 recognizes that the employee "may engage in normal private pursuits" such that it becomes "difficult to determine the exact hours worked under these circumstances," and directs consideration of "any reasonable agreement of the parties" that "takes into consideration all of the pertinent facts[.]" *Id.* As a result, the number of hours Llanes actually worked remains relevant to both Llanes' FLSA claims and Defendants' counterclaims.

PAGE 5 – OPINION AND ORDER

cv-01162-PHX, 2018 WL 4931750, at *2 (D. Ariz. Oct. 11, 2018) (finding that the court lacked supplemental jurisdiction over the defendant's counterclaims in a FLSA action because they did not "turn on evidence about the hours [the plaintiff] worked and the compensation he received for that work").

B. The Court's Discretion

Alternatively, Llanes asks the Court to exercise its discretion to decline supplemental jurisdiction over Defendants' counterclaims under 28 U.S.C. § 1367(c)(4) because of the federal policy that disfavors counterclaims in FLSA actions. (Pl.'s Mot. at 5.)

The Ninth Circuit has emphasized that courts may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4) "only when the district court [1] articulates 'compelling reasons' for declining jurisdiction and [2] identifies how the situation that it confronts is 'exceptional.'" *Exec. Software N.A., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 24 F.3d 1545, 1560 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). The "compelling reasons" must be "those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Exec. Software*, 24 F.3d at 1557 (quotation marks omitted); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("[W]hen deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.") (citation and quotation marks omitted).

The Court finds that this case does not present the exceptional circumstances necessary to decline supplemental jurisdiction. On balance, the values of economy, convenience, fairness, and comity weigh in favor of retaining jurisdiction over Defendants' counterclaims. Dismissing Defendants' counterclaims despite the significant factual overlap with Llanes' claims would

waste judicial resources on duplicative proceedings. Furthermore, it is more convenient for the parties to adjudicate Llanes' FLSA claims and Defendants' counterclaims in one forum. Fairness is a draw, as it is fair to allow Defendants to resolve their claims here, and unfair to Llanes to complicate the resolution of her FLSA claims. Although comity favors leaving the state claims to a state court, on balance the relevant factors support supplemental jurisdiction here. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)[.]") (en banc).

Although some courts have recognized that the policy against employer counterclaims in FLSA actions, standing alone, is a compelling reason to decline jurisdiction,[2] declining supplemental jurisdiction over counterclaims in every FLSA action would contradict the Ninth Circuit's command that § 1367(c)(4) applies only in rare circumstances. *See Exec. Software*, 24 F.3d at 1558 (holding that "declining jurisdiction outside of subsection (c)(1)-(3) should be the exception, rather than the rule"). Although courts should be vigilant to ensure that employers do not bring counterclaims in FLSA actions for the purpose of harassment or delay, the Court does not believe that Defendants have an improper purpose here. Therefore, this case does not present an "exceptional" situation to justify declining supplemental jurisdiction.

///

///

---

[2] *See Martin v. PepsiAms., Inc.*, 628 F.3d 738, 741 (5th Cir. 2010) ("To clutter FLSA proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act."); *Ripley*, 2018 WL 4931750, at *2 (noting that federal FLSA policy presents a compelling reason to decline supplemental jurisdiction, "even if the counterclaims are sufficiently related to confer supplemental jurisdiction"); *Poehler v. Fenwick*, No. 15-cv-01161-JWS, 2015 WL 7299804, at *2 (D. Ariz. Nov. 19, 2015) ("Federal FLSA policy presents a compelling reason for the court to refuse to exercise supplemental jurisdiction over Defendants' counterclaims.").

## CONCLUSION

For the reasons stated, the Court DENIES Llanes' motion to dismiss for lack of subject matter jurisdiction. ([ECF No. 32](#).)

**IT IS SO ORDERED.**

DATED this 5th day of April, 2019.

*Stacie F. Beckerman*

STACIE F. BECKERMAN
United States Magistrate Judge