**Jeffrey M. Edelson, OSB #880407**
JeffEdelson@MarkowitzHerbold.com
**Vivek A. Kothari, OSB #182089**
VivekKothari@MarkowitzHerbold.com
**Katherine M. Acosta, OSB #165223**
KatherineAcosta@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JESUSA LLANES,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREA ZALEWSKI, an individual, and SILVER RIDGE ADULT FOSTER CARE HOME LLC, an Oregon limited liability company,<br><br>    Defendants. | Case No. 3:18-cv-00267-SB<br><br>**DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**<br><br>Oral Argument Requested |

**LR 7-1(a) CERTIFICATION**

Pursuant to Local Rule 7-1(a), undersigned counsel certifies that they have conferred with Plaintiff's counsel in a good faith effort to resolve this dispute but were unable to do so.

**Page 1 -**   **DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

## MOTION

Pursuant to Federal Rule of Civil Procedure 56, defendants Andrea Zalewski ("Zalewski") and Silver Ridge Adult Foster Care Home, LLC ("Silver Ridge" and, collectively "Defendants") move for summary judgment on Jesusa Llanes's ("Llanes" or "Plaintiff") claims for wage violations under the Fair Labor Standards Act ("FLSA") for minimum wage under 29 U.S.C. § 216(a) and overtime wages under 29 U.S.C. § 216(b).

## INTRODUCTION

The FLSA does not apply to Llanes's claims. Llanes does not qualify for individual coverage under FLSA because she was not engaged in commerce or engaged in the production of goods for commerce. Silver Ridge does not qualify for enterprise coverage because it is a local, small business operating wholly within Oregon. Courts have long held that FLSA does not apply to similar, service-oriented businesses because they do not affect interstate commerce and are not "institutions" providing "care" under the Act.

Even if the FLSA applied, Plaintiff's two FLSA claims require evidence of the number of hours she worked at Silver Ridge. However, Llanes has admitted that she does not know the number of hours she worked on any day except one. She simply cannot state the number of hours worked for the vast majority of her time at Silver Ridge. As a result, she cannot supply evidence necessary to prove the minimum and overtime wages due to her.

## STATEMENT OF FACTS

**I.    Silver Ridge provides adult foster care services to its five residents.**

Silver Ridge provides room and board for its five residents. (Declaration of Andrea Zalewski in Support of Defendants' Motion for Summary Judgment and Memorandum ("Zalewski Decl.") ¶ 2.) Silver Ridge also provides meals, does housework, manages medication schedules, and arranges transportation for its residents as needed. (*Id.*; 2/20/19 Deposition of Jesusa Lllanes ("Llanes Dep.") attached to Declaration of Katherine Acosta in Support of Defendants' Motion for Summary Judgment and Memorandum ("Acosta Decl."), as Ex. 1 at

58:5-8, 60:17-20.) Here is a photo of Silver Ridge—it is the house with the black shutters. (Zalewski Decl. ¶ 3.)



### A. Silver Ridge is a local, service-oriented business.

Silver Ridge is a small business that operates only in Oregon. (*Id.* ¶ 6.) Zalewski registered it as a limited liability company with the Oregon Secretary of State in 2009. (*Id.*) The business makes approximately $180,000 gross income per year entirely from monthly payments made by its five residents. (Zalewski Decl. ¶ 6.)

Oregon classifies Silver Ridge as a Class 2 foster care facility. (Zalewski Decl. ¶ 4.) The State determines the class of foster care facility by the resident's impairments in the activities of daily living ("ADL"). (*Id.*) The six ADLs refer to everyday functions: eating/nutrition, dressing, personal hygiene, toileting, mobility, and behavior management. (*Id.*) Class 2 facilities can take residents who need assistance in any ADLs but *cannot* take residents who require full assistance

**Page 3 -   DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT
                FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND
                MEMORANDUM IN SUPPORT**

in more than three ADLs.  (*Id.*)  There is no requirement that a Class 2 facility, such as Silver Ridge, employ *any* type of medical professional.  (*Id.*)

### B.    Silver Ridge does not provide any medical treatment or care.

Silver Ridge does not offer any medical services. It does not employ any doctors, nurse practitioners, registered nurses, or other similar medical professions.  (*Id.* ¶ 5.)  Zalewski is a licensed practical nurse ("LPN"), but does not use her LPN skills at Silver Ridge.  (*Id.*) Residents must leave the facility to receive medical, psychiatric, and dental treatment.  (*Id.*)

### C.    Zalewski owns and operates Silver Ridge.

Zalewski is the sole owner of the business. (*Id.* ¶ 7.) She operates it with only one other employee, a Resident Manager. (*Id.*)   In 2014, Zalewski hired Llanes as her Resident Manager. (*Id.*)  Because of the unpredictable nature of a Resident Manager's hours, it is nearly impossible to track hours worked.  (*Id.* ¶ 8.)  In addition, it would be cost prohibitive to pay an hourly rate. (*Id.*)  As a result, Zalewski has always structured that role as a salaried position.  (*Id.*)

Zalewski attempted to follow all laws she thought applicable.  (*Id.* ¶ 9.)  Before, during, and after Llanes's employment Zalewski worked with the Bureau of Labor and Industries ("BOLI") to ensure she was and is compliant with Oregon's wage and hour laws.  (*Id.*)  Zalewski was unaware that federal wage and hour laws differed from state laws.  (*Id.*)

## II.    Llanes worked as a Resident Manager at Silver Ridge.

Llanes worked as Silver Ridge's Resident Manager from 2014 to 2017.  (*Id.* ¶ 10.)  Her duties included laundry, meal preparation, assistance with ADLs, and documenting when medication was administered to patients.  (*Id.*)  She also bought food and household basics from local stores. (*Id.*; Llanes Dep. at 47:19-48:6, 49:11-14.)  On occasion, Llanes refilled

prescriptions for residents at a local pharmacy.[1] (*Id.* at 69:5-70:6.) Llanes did not use the internet to order goods for the business.[2] (*Id.* at 70:21-71:5.)

The Resident Manager position was salaried and did not provide for overtime. (Zalewski Decl. ¶ 8.) Llanes received compensation in two ways: a $3,000 monthly salary and room and board for herself and one of her family members. (Acosta Decl., Ex. 3, Llanes's Employment Contract ("Llanes Employment Contract") at 2.) The employment contract required Llanes to sleep nine hours a night and take three hours of breaks per day. (*Id.* at 1.) Llanes slept an average of nine hours a night when working at Silver Ridge. (Llanes Dep. at 31:4-7.) The contract also required her to maintain a list of any days where she did not take the full three hours of breaks so that she could be compensated accordingly. (Llanes Employment Contract at 1-2.)[3] She has not identified any such days. (Llanes Dep. at 16:16-20.)

## III. Llanes does not know the number of hours she worked per day.

Llanes does not how many hours she worked at Silver Ridge and testified inconsistently on this topic. (*See generally*, *id.* at 33-47.) She first testified that she worked 24 hours per day, claiming that she could "be asleep and working at the same time." (*Id.* at 35:1-5, 36:25-37:4, 37:8-11.) She then claimed to work "[a]s far as [she] knew, more or less, in five days, over 80 hours." (*Id.* at 43:23-44:4.)

---

[1] Llanes's deposition testimony conflicts with her interrogatory response on this point. In her interrogatory responses, Llanes claims she "us[ed] the telephone and mail[] to refill patient medications including through out-of-state mail-order pharmacies[.]" (Acosta Decl., Ex. 2, Resp. to Defs.' First Interrogs. ("Llanes Interrog. Resp.") at 3.) But she testified at deposition that she had only contacted in-state pharmacies. (Llanes Dep. at 70:2-4.) When confronted with the conflicting accounts, Llanes refused to identify which version of her story was accurate. (*See id.* at 70:7-9, 75:5-22.)

[2] Again, Llanes's deposition testimony conflicts with her interrogatory response on this point. In her interrogatory response, Llanes claims she "use[d] the internet to order goods, including goods from out of state[.]" (Llanes Interrog. Resp. at 3.) When questioned further during the deposition, Llanes admitted she understood the responses were a legal document and that she needed to be truthful in a legal document. (Llanes Dep. at 72:25-73:8.) She testified at deposition that she had not used the internet. (*Id.* at 70:21-71:5.) Again, Llanes refused to identify which version of her story was accurate. (*See id.* at 73:15-75:4.)

[3] The contract addressed instances where work interrupted Llanes's sleep. Opposing counsel represents that they do not seek compensation for that time, therefore we do not address it here.

**Page 5 -   DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT
            FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND
            MEMORANDUM IN SUPPORT**

When asked to identify how many hours she worked on individual days, Llanes claimed that she did not know for every day except one on which she claimed to work only ten hours. (*Id.* at 33:23-34:2.)  In response to questions about how many hours she claimed to be working on specific days in December 2015, January 2016, and February 2016, she replied "I don't know." (*See id.* at 33:7-11; 34:6-8, 37:5-7, 42:10-23 (regarding December 2015 hours), 45:7-14 (regarding January 2016 hours), 46:23-47:2, 47:9-14 (regarding February 2016 hours).)  When asked if her answer would be the same for every day in her calendar, she replied "Yes." (*Id.* at 47:9-18.)  Ms. Llanes's calendars include every day from December 2015 through December 2017.  (Acosta Decl., Ex. 4, Llanes Calendars at 3-36.)  Here is a representative sample of her testimony:

> Q. (By Mr. Kothari): My question is, on Wednesday, December 9th of 2015, how many hours are you claiming that you worked that day?
>
> Mr. Egan: Same objection.[4]
>
> A. (By Ms. Llanes): I don't know.
>
> Q. How many hours are you claiming that you worked on Thursday, December 10th of 2015?
>
> A. I don't know.
>
> Q. (By Mr. Kothari): How many hours are you claiming that you worked on Sunday, December 13th -- I'm sorry -- yeah, Sunday, December 13th of 2015?
>
> A. I don't know.

(*Id.* at 44:7:24.)

> Q. (By Mr. Kothari): How many hours are you claiming that you worked on February 2nd of 2016?
>
> A. I don't know.
>
> Q. How many hours are you claiming that you worked on February 3rd of 2016?
>
> A. I don't know.

---

[4] Mr. Egan objected to this entire line of questioning as calling for a legal conclusion. For ease of reading, those objections have been omitted here.

Page 6 -   DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT
           FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND
           MEMORANDUM IN SUPPORT

> Q. Will your answer be the same if I asked you about every single day in this calendar and how many hours you're claiming that you worked?
>
> A. Yes.

(*Id.* at 47:9-18.)

The calendars contain no indication of the time Llanes started or stopped work on any given day. (*See id.*) They also do not specify the time that Llanes spent sleeping, taking allotted breaks, or attending her children's activities that took her out of the house. (*Id;* Llanes Dep. at 27:24-29:10.)

In addition to the inconsistencies in Llanes's testimony noted above, Llanes invoked the protection of the Fifth Amendment when asked whether she had committed perjury when executing a license renewal form for Silver Ridge. (*See id.* at 83:4-88:6.) The form asked who was living at Silver Ridge. (Acosta Decl., Ex. 5, Silver Ridge License Application at 7 (Section IV).). Llanes did not include her boyfriend in the list. (*Id.*) She admitted that she had not included him on the list even though she knew he was living at the house at the time. (*See* Llanes Dep. at 85:24-86:11.) The fact of Llanes's boyfriend living at the house without permission led to Zalewski's attempt to evict Llanes. (Zalewski Decl. ¶ 11.)

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On a motion for summary judgment, courts must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of that party." *Olson v. Allen*, No. 3:18-cv-001208-SB, 2019 WL 1232834, *1 (D. Or. Mar. 15, 2019) (citing *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005)). In deciding the motion, the court will not assess the witness's credibility, weigh evidence, or determine the truth of the disputed matters. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). There is no genuine issue of material fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party[.]" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted).

## ARGUMENT

**I.     The FLSA does not apply to Silver Ridge because Llanes does not qualify for individual coverage and the business does not qualify for enterprise coverage.**

The FLSA requires employers to pay employees minimum wage and overtime "if the employee can establish individual or enterprise coverage." *Yan v. Gen. Pot, Inc.*, 78 F.Supp.3d 997, 1002-03 (N.D. Ca. 2015) (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006)).  It was not meant to "exhaust [Congress's] constitutional power over commerce" but was "intended to leave local business to the protection of the states[.]" *Maneja v. Waialua Agric. Co., Ltd.*, 75 S.Ct. 719, 729 (1955) (quoting *Walling v. Jacksonville Paper Co.*, 63 S.Ct. 332, 336 (1943)) (internal quotation marks and internal citations omitted).

**A.     Individual coverage does not apply because Llanes did not participate in interstate commerce.**

Llanes's responsibilities were purely local so individual coverage does not apply. Individual coverage applies if the employee engaged in commerce or engaged in the production of goods for commerce.  29 U.S.C. § 207(a).  An employee qualifies for individual coverage if she is "directly participating in the actual movement of persons or things in interstate commerce."  *Thorne*, 448 F.3d at 1266 (internal citations omitted).  The Supreme Court has explained that the FLSA interstate commerce nexus does not "extend to the furthest reaches of federal authority." *McLeod v. Threlkeld*, 319 US 491, 493 (1943).

Individual coverage does not apply to employees whose activities are "purely local." *Id.* (citing *McLeod,* 319 US at 496).  For example, merely purchasing goods that had previously travelled in interstate commerce does not qualify.  *See Guzman v. Irmadan, Inc.*, 322 Fed. App'x 644, 645 (11th Cir. 2009) (per curiam) (concluding that the goods "were removed from the flow of interstate commerce when they arrived at the retail stores.").  Similarly, using a credit card does not qualify.  *Thorne*, 448 F.3d at 1266 (affirming district court that using credit cards did not qualify as interstate commerce under FLSA).  Courts have ruled that a number of service-

**Page 8 -    DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

industry employees do not qualify for individual coverage. *See, e.g., McLeod*, 319 U.S. at 493-94 (denying individual coverage to an employee who cooked meals for railroad employees); *Navarro v. Broney*, 533 F.Supp.2d 1223, 1227 (S.D. Fl. 2008) (denying coverage to auto mechanic).

Llanes's work barely took her out of the Silver Ridge house, much less out of Oregon. She prepared meals for residents, washed laundry, helped residents get up after they fell down, and reminded residents to take their medication. (*See* Zalewski Decl. ¶ 2; Llanes Dep. at 58:5-8, 60:17-20, 65:20-22; Llanes Employment Contract at 2.) None of those qualifies as participating in interstate commerce because they are "purely local." *See Yan*, 28 F.Supp.3d at 1003 (denying coverage to a cook in local restaurant).

Nor did Llanes engage in commerce when she left the house. She bought groceries with cash, but merely purchasing goods that have travelled in interstate commerce does not qualify. *See id*. She only contacted in-state pharmacies to refill medication. (Llanes Dep. at 69:2-70:6.) She did not even "use the internet to order any goods, including goods from out of state, for use in the business." (*Id.* at 70:21-71:5.)   Ultimately, Llanes was a service-industry professional who operated entirely within the state.  Thus, she does not qualify for individual coverage.

**B.    Enterprise coverage does not apply because Silver Ridge is not an "institution" engaged in "care."**

Silver Ridge also does not qualify for enterprise coverage. Enterprise coverages applies to a business under three circumstances.  First, a business qualifies if it has more than one employee "engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and has more than $500,000 in gross sales or business done.  29 U.S.C. § 203(s)(1)(A).  Second, a business qualifies for enterprise coverage if it is "engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution[.]" 29 U.S.C. § 203(s)(1)(B).  Finally, a business qualifies for enterprise coverage if it is an activity of a public agency.  29 U.S.C. § 203(s)(1)(C).

**Page 9 -    DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT
              FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND
              MEMORANDUM IN SUPPORT**

Here, Silver Ridge does not have multiple employees or greater than $500,000 in business, so Section 203(s)(1)(A) does not apply. Nor is it a public agency. Thus, Section 203(s)(1)(C) does not apply.

### 1. Silver Ridge does not qualify as an "institution" primarily engaged in "care of" the sick, aged, mentally ill or defective.

Silver Ridge does not provide care and is not an institution under the FLSA. Thus, it does not qualify for enterprise coverage.

The Ninth Circuit has held that an analogous business—one that housed up to five children who were "severely emotionally disturbed"—did not qualify as an "institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such an institution." *Probert v. Family Centered Servs. of Alaska, Inc.*, 651 F.3d 1007 at 1008-12 (9th Cir. 2011). There, the Family Centered Services of Alaska ran Therapeutic Family Homes ("Homes") for children, each of whom were severely emotionally disturbed. *Id.* at 1009. Each Home housed up to five children. *Id.* The house parents of the Homes sued for overtime and the district court granted a motion for partial summary judgment, holding that the Homes were "institutions" under the Act. *Id.*

The Ninth Circuit reversed the district court, holding that the Homes were neither "institutions" nor "providing care" as provided in 29 U.S.C. § 203(s)(1)(B). *Probert*, 651 F.3d at 1010. In reaching this conclusion the court explained that the Homes did not fit within the dictionary definition of an institution or the "neighboring parts of the relevant statute." *Id.* at 1011. The Ninth Circuit defined institutions as establishment such as "hospitals and schools" that are "staffed by professionals and provide more comprehensive medical, psychological, or educational programs, usually for a much larger population." *Id.* Nor did the Homes provide care, which is defined as "something more like treatment." *Id.* at 1010. In contrast, the Homes provided merely "a home or residence" to the children living there. *Id.* The residents did not receive medical or psychological care at the Homes and the plaintiffs were not medical or social service professionals. *Id.* at 1010-11.

Page 10 - DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT
              FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND
              MEMORANDUM IN SUPPORT

### a. Silver Ridge is not an "institution" because it does not provide comprehensive medical programs.

Silver Ridge does not qualify as an institution under *Probert*. It is not like a hospital or school, it is not staffed by professionals, and it does not provide any medical, psychological, or educational programs, much less comprehensive services as required by *Probert*.

*First*, Silver Ridge is not like a hospital or a school. Silver Ridge is located in a residence in a neighborhood. (*See* Zalewski Decl. ¶¶ 2-3.) Like the homes in *Probert*, it provides services to only five residents (*id.* ¶ 2), unlike a hospital which provides "comprehensive . . . programs, usually for a much larger population." *Probert,* 651 F.3d at 1011.

*Next*, it is not staffed by medical professionals. Silver Ridge does not employ doctors, nurses, psychiatric staff, or other medical professionals to provide care to the residents. Instead, it provides meals, laundry services, and a place to live. Zalewski does not use her LPN training to operate Silver Ridge. Even if she did, Silver Ridge would not become an institution because her limited training would not transform it into an institution like a hospital. Thus, Silver Ridge's services do not bring it within the definition of "institution" as interpreted in the Ninth Circuit because these services do not amount to comprehensive medical programs administered by medical professionals. *See id.* at 1009 (finding that participating in group therapy at the home did not qualify it as an institution).

*Finally*, it does not provide medical services or programs. Silver Ridge provides a safe place to sleep and eat. It does not own medical equipment like IVs or heart monitors, and does not have the staff to provide medical services. Llanes would help people who had fallen down get back up again, but no one at Silver Ridge has the capacity or expertise to diagnose or treat someone with vertigo. These basic services do not qualify it as an "institution" under FLSA.

### b. Silver Ridge does not provide "care" because it does not provide treatment administered by medical professionals.

In addition, Silver Ridge does not provide "care," which the Ninth Circuit in *Probert* described as "something more like treatment." *Id.* at 1010. The Homes in *Probert* merely provided a home to the children living there. *Id.* The same is true of Silver Ridge, which

**Page 11 -  DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

provides no "treatment," but simply offers room and board to its residents. Just as in *Probert*, the residents of Silver Ridge receive medical and/or psychological treatment off-site from professionals. For these reasons, Silver Ridge does not provide "care" under FLSA and, therefore, does not qualify for enterprise coverage.

          **c.    No binding case law establishes that the FLSA applies to Silver Ridge.**

Other than *Probert*, no binding authority addresses whether the FLSA applies to Silver Ridge. In conferral, counsel for Llanes referred to a 1994 Oregon state court decision for support. *See Baxter v. M.J.B. Investors*, 128 Or. App. 338 (1994). But a state court interpretation of a federal statute does not bind a federal court. *See, e.g., U.S. v. Montana*, 134 F.2d 194, 196 (9th Cir. 1943) (holding that reliance on a state Supreme court decision was, "of course, not binding on the federal courts"). In contrast, the Ninth's Circuit's decision in *Probert* binds this court.

Nor does *Baxter* offer persuasive guidance about whether the FLSA applies to Silver Ridge. First, the *Baxter* court ruled in 1994 and the Ninth Circuit decided *Probert* in 2011. So, the *Baxter* court did not have the benefit of *Probert's* binding guidance on the question.

*Baxter* also did not consider with any depth the question presented to this Court. Instead, the court in *Baxter* considered a completely different question than the one posed here. There, the court considered whether the trial court erred in failing to give an instruction on federal law when state law was applicable. The defendant challenged the trial court's refusal to give a jury instruction on an exception to FLSA. 128 Or. App. at 346-47. When an employer is subject to both federal and state law, the employer must comply with the stricter law; in other words, the employee gets the benefit of the stricter protection. *Id.* The *Baxter* court—in a footnote—simply assumed that FLSA applied and found that even if a FLSA exception applied, the jury need not hear an instruction on it because there was no corresponding state exception. *Id.* at 347, n.6. By contrast, here, Defendants ask the court to determine whether Silver Ridge is an institution that provides care therefore qualifying as an enterprise under the FLSA. *Baxter* did not consider whether the business in question was an institution nor did it consider whether it

Page 12 -  DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT
            FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND
            MEMORANDUM IN SUPPORT

provided care. Here, Defendants ask the court to do just that. Thus, *Baxter* offers limited, if any, guidance because it did not consider the questions at issue in this case.

### C. The FLSA does not apply to local, service-oriented businesses like Silver Ridge.

The FLSA applies in many cases, but this is not one of them. Llanes does not qualify for individual coverage because her work did not involve "directly participating in the actual movement of persons or things in interstate commerce." Nor does enterprise coverage apply because Silver Ridge bears little, if any, resemblance to a hospital that is designed to provide comprehensive medical services. Instead, Silver Ridge provides comprehensive residential services. But when a resident is ill, they see their doctor outside the home. Thus, the FLSA does not apply to it.

## II. Even if FLSA applies, Llanes cannot meet her burden to show the hours she worked.

Llanes admittedly does not know how many hours she worked at Silver Ridge so she cannot meet her burden of proof under the FLSA. An employee bringing claims for unpaid minimum wages and overtime wages "has the burden of proving that [s]he performed work for which [s]he was not properly compensated." *See, e.g.*, *Brock v. Seto*, 790 F.2d 1446, 1447-48 (9th Cir. 1986) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)) (internal quotation marks omitted). When an employer has inadequate records, an employee meets her burden if she proves she "has in fact performed work for which [s]he was improperly compensated and if [s]he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687 (superseded by statute on other grounds). An employee fails to provide "sufficient evidence to show the amount and extent of [her] work as a matter of just and reasonable inference" when she can only speak generally about her hours worked. *Compare Holaway v. Stratasys*, 771 F.3d 1057 at 1059 (8th Cir. 2014) (finding that approximations of hours worked did not constitute sufficient evidence) *with Garcia*, 2016 WL 107955, *4 (finding that plaintiffs met their burden by producing calendars "showing the days and hours that each [p]laintiff worked[.]").

**Page 13 -  DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

This Court has already determined Llanes's hours are directly at issue here.  4/5/19 Op. & Order on Llanes's Mot. to Dismiss, at 5, n.1. (Dkt 42).  As the Court explained, "the number of hours Llanes actually worked remains relevant to both [Llanes's] FLSA claims and Defendants' counterclaims" because, pursuant to 29 C.F.R. § 785.23, "[a]n employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises."  *Id.*

The Eighth Circuit affirmed the grant of summary judgment where the employee presented more evidence regarding hours worked than Llanes presents here.  *Holaway,* 771 F.3d at 1057-1058.  In *Holaway*, an employee seeking overtime pay testified that his weekly schedule varied, and before 8 a.m. he typically worked 2-3 hours doing preparation work and 3-4 hours traveling to client locations.  *Id.* at 1058.  The employee testified he spent 4-5 hours per week driving to a client's site, 3-4 hours at a client's site, 3-4 hours writing expense reports, 1-2 hours arranging travel time, and 2-3 hours on administrative work.  *Id.* (internal citations omitted).  Finally, the employee estimated he worked sixty to seventy hours a week in total.  *Id.* (internal citation omitted).  The employee's testimony was "based on mainly just recollections of [his] daily activities, [and] he typically worked sixty hours per week."  *Id.* (internal quotation marks and citations omitted).

The Eight Circuit affirmed, explaining that the employee "failed to meet even the relaxed evidentiary standard because he failed to put forward any evidence of the amount and extent of his work in excess of forty hours a week for any week worked[.]"  *Id.* at 1059.  Rather, he "put forth contradictory and bare assertions of his overtime hours worked" at various times "estimat[ing] his work hours as between forty-five and seventy hours a week, yet has failed to specifically account for the hours worked."  *Id.* at 1059-60.  Finally, he "failed to provide a meaningful explanation of how he arrived at his final estimate of sixty hours a week, every week, of his employment."  *Id.*  In affirming the trial court's grant of summary judgment against the employee, the Eight Circuit concluded that "[e]ven taking the evidence in the light most favorable to [the employee], the evidence is inconsistent and provides no details which would

allow a jury to determine [the employee] worked beyond forty hours in any specific week of his employment." *Id.* at 1060.

### A. Llanes does not "specifically account" for the hours she worked at Silver Ridge.

Llanes presents even less evidence than the plaintiff in *Holaway*. Unlike the plaintiff in *Holaway*, Llanes cannot even provide approximations for the time she worked at Silver Ridge. She cannot "specifically account" for any of the hours that she worked from January 2016—December 2017. For that reason alone, her claim fails. *See Holaway*, 771 F.3d at 1059-60 (affirming summary judgment where plaintiff "failed to put forth any evidence" regarding the number of hours worked).

Llanes's does not "specifically account" for her hours at Silver Ridge. Instead, she offers only bare assertions of the amount of time she worked. She first claims to have worked 24 hours a day, even when she was sleeping and then claims to have worked "in five days, over 80 hours." (*Id.* at 36:4-37:4, 43:23-44:4.) She presents no support for either statement. While she claims to have worked 10 hours on December 2, 2015, she does not substantiate her claim with any evidence of the hours she spent sleeping, taking breaks, or performing job duties. *See Holaway*, 771 F.3d at 1059 (affirming dismissal of FLSA claim where plaintiff provided only "bare assertions" of time worked). Though Llanes offers calendars to support her argument for days worked, they contain no detail about when Llanes started work, ended work, took breaks, was disturbed in the night to respond to a patient. Ultimately, like the *Holaway* plaintiff, she "fail[s] to put forth any evidence regarding" how she arrived at her estimates. *Id.* at 1059-60. Thus, this court should dismiss her claims, just as the Eighth Circuit dismissed the *Holaway* plaintiff's claim.

### B. The Court should grant summary judgment because Llanes cannot "specifically account" for the number of hours she worked.

Llanes "provides no details which would allow a jury to determine" the hours she worked by just and reasonable inference. *Id.* at 1060. This court has already rejected what appears to be Llanes's theory of the case. She argues that that the hours she actually worked is not relevant to

**Page 15 -   DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT
           FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND
           MEMORANDUM IN SUPPORT**

her claims because she performed "compensable work simply by being present in the care home." (2/23/19 Llanes's Not. of Addit. Authority (Dkt. 37).) That theory helps explain her deposition testimony—she believed that she was working all 24 hours that she was at Silver Ridge. *See id.* at 2 ("plaintiff was performing compensable work simply by being present in the care home, whether she was engaged in active care for the patients, sitting idle, watching television, or cooking."). It also explains her claim of working 80 hours over 5 days because she believes that 8 hours of sleep time is not compensable. *See id.* (arguing that 8 hours of sleep time is not compensable as a matter of law). But the Court has already decided that "the number of hours Llanes actually worked remains relevant to both Llanes' FLSA claims." 4/5/19 Op. & Order on Llanes's Mot. to Dismiss, at 5, n.1. Thus, her inability to identify the number of hours work justifies summary judgment on her claims.

**III.   Silver Ridge did not act willfully so the statute of limitation is two years.**

If the FLSA applies, Silver Ridge did not violate it willfully. If an employer's violation of FLSA is "willful" the statute of limitations extends from two years to three years. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988). A willful violation is one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute[.]" *Id.* (internal citation omitted). Though the extended statute of limitations "can apply where an employer disregard[s] the very 'possibility' that it was violating the statute" a court "will not presume that conduct was willful *in the absence of evidence*." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908-09 (9th Cir. 2003) (internal citations omitted) (emphasis added). There is evidence of an employer's willful FLSA violation when the employer (1) is on notice about FLSA's requirements, (2) takes no affirmative action, and (3) "attempts to evade compliance, or to minimize the actions necessary to achieve compliance." *Id.* at 909.

There is no evidence of Defendants' willful FMLA violations. Zalewski took her role as an employer seriously, attempting to follow all laws she thought applicable. (Zalewski Decl. ¶ 9.) Silver Ridge does not have a dedicated human resources department, so in addition to running the business, taking care of residents, and managing staff, Zalewski attempted to remain

in compliance with all applicable laws.  (*Id*.)  She worked closely with BOLI to ensure that she was following state employment laws, and was unaware there were federal wage and hour laws that differed from state laws.  (*Id*.)  And, *Probert* establishes that the FLSA does not apply to similar businesses.  Thus, defendants' actions were not willful and the statute of limitations should be only two years.

## CONCLUSION

Llanes's claims fail before any consideration of their merits because Silver Ridge is not subject to FLSA.  However, even if Silver Ridge is subject to FLSA, Llanes's claims fail because she cannot meet her burden to prove the hours she worked.  Additionally, if Silver Ridge is subject to FLSA, there is no evidence Defendants' conduct was willful and the extended statute of limitations should not be applied.  Thus, the Court should grant Defendants' Motion for Summary Judgment.

DATED this 30th day of April, 2019.

MARKOWITZ HERBOLD PC

By: *s/ Vivek A. Kothari*
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
Vivek A. Kothari, OSB #182089
VivekKothari@MarkowitzHerbold.com
Katherine M. Acosta, OSB #165223
KatherineAcosta@MarkowitzHerbold.com
*Attorneys for Defendants*

858214

**Page 17 -  DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

## ATTORNEY CERTIFICATE OF SERVICE

    I hereby certify that on May 1, 2019, I have made service of the foregoing **DEFENDANTS ANDREA ZALEWSKI'S AND SILVER RIDGE ADULT FOSTER CARE HOME LLC'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** on the party/ies listed below in the manner indicated:

| | |
|---|---|
| Jon M. Egan<br>Jon M. Egan, PC<br>547 Fifth Street<br>Lake Oswego, OR  97034-3009 | ☒ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email:<br>☐ Electronically via USDC CM/ECF system |

    DATED this 30th day of April, 2019.


                               *s/ Vivek Kothari*
                               Vivek Kothari, OSB #182089
                               Attorney for Defendants

**CERTIFICATE OF SERVICE**